# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DEVAUX, DAVID J. | § | Case No. 12-26695 |
| MAKARENKO-DEVAUX, NATALYA | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   .   The undersigned trustee was appointed on             .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                and the deadline for filing governmental claims was              . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $            . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $          , for a total compensation of $          [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $        , for total expenses of $          [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/NORMAN NEWMAN _____
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

_____
[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   1

Exhibit A

| | | |
|---|---|---|
| Case No: | 12-26695   TAB   Judge: TIMOTHY A. BARNES | |
| Case Name: | DEVAUX, DAVID J. | |
| | MAKARENKO-DEVAUX, NATALYA | |
| For Period Ending: | 09/17/13 | |

| | |
|---|---|
| Trustee Name: | NORMAN NEWMAN |
| Date Filed (f) or Converted (c): | 07/03/12 (f) |
| 341(a) Meeting Date: | 08/29/12 |
| Claims Bar Date: | 03/07/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 6149 N. Kildare Ave., Chicago, IL, Single Family | 295,000.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 2. 717 Cedar, Michigan, Single Family Liablity Comp | 30,000.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 3. 618 Spring Street, Michigan, Four Units Liabity | 133,100.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 4. Membership Interest in 240 Ridgeland, MI City | 13,200.00 | 13,200.00 | | 9,000.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 5. Certificate of Deposit located at La Porte Savin | 563.61 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 6. Corporate America Family Credit Union | 42.64 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 7. Selfreliance Ukrainian American Federal Credit U | 59.03 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 8. Fifth Third, checking | 1,850.13 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 9. Chase, checking | 43.81 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 10. Chase, checking | 9.92 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 11. Chase, checking | 70.43 | 0.77 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 12. TV, computer, dishes, furniture, stereo, kitchen | 2,140.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 13. CDs and DVDs | 80.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page:    2

Exhibit A

| Case No: | 12-26695    TAB    Judge: TIMOTHY A. BARNES | Trustee Name: | NORMAN NEWMAN |
|---|---|---|---|
| Case Name: | DEVAUX, DAVID J. | Date Filed (f) or Converted (c): | 07/03/12 (f) |
| | MAKARENKO-DEVAUX, NATALYA | 341(a) Meeting Date: | 08/29/12 |
| | | Claims Bar Date: | 03/07/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 14. Clothing | 650.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 15. Rings | 500.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 16. camera | 100.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 17. Prudential Life Insurance | 406.58 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 18. Guardian Life Insurance | 1,134.62 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 19. eVantage IRA | 6,706.47 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 20. Principal 401K | 3,370.81 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 21. Sterling Trust, IRA | 1,330.45 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 22. Husband is a 50% member of Limit Liability Compa | 0.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 23. 1996 MB C220, | 1,300.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 24. 2000 Chevy Astro | 900.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 25. 1978 Aquarius Invader with trailer, located in L | 900.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |
| 26. Office desk and shelving | 100.00 | 0.00 | | 0.00 | FA |
| Imported from original petition Doc# 1 | | | | | |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-26695   TAB   Judge: TIMOTHY A. BARNES | Trustee Name: | NORMAN NEWMAN |
|---|---|---|---|
| Case Name: | DEVAUX, DAVID J. | Date Filed (f) or Converted (c): | 07/03/12 (f) |
| | MAKARENKO-DEVAUX, NATALYA | 341(a) Meeting Date: | 08/29/12 |
| | | Claims Bar Date: | 03/07/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 27. One used dog   Imported from original petition Doc# 1 | Unknown | 0.00 | | 0.00 | FA |

|  |  |  |  | Gross Value of Remaining Assets |
|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $493,558.50 | $13,200.77 | $9,000.00 | $0.00 |
|  |  |  |  | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Preparing final report.

Initial Projected Date of Final Report (TFR): 05/31/13      Current Projected Date of Final Report (TFR): 09/30/13

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: | 12-26695  -TAB |
| Case Name: | DEVAUX, DAVID J. |
| | MAKARENKO-DEVAUX, NATALYA |
| Taxpayer ID No: | *******0409 |
| For Period Ending: | 09/17/13 |

| | |
|---|---|
| Trustee Name: | NORMAN NEWMAN |
| Bank Name: | THE BANK OF NEW YORK MELLON |
| Account Number / CD #: | *******1566  Checking Account |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 11/06/12 | 4 | Lucille Devaux | Sale of LLC membership interest pursuant to Court | 1110-000 | 9,000.00 | | 9,000.00 |
| | | 2306 RFD | Order entered 10/30/12 | | | | |
| | | Long Grove, IL  60047 | DEPOSIT CHECK #1533 | | | | |
| 11/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 8,975.00 |
| 12/31/12 | | The Bank of New York Mellon | Bank Service Fee | 2600-000 | | 25.00 | 8,950.00 |
| 01/09/13 | | Transfer to Acct #*******4269 | Bank Funds Transfer | 9999-000 | | 8,950.00 | 0.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | 9,000.00 | 9,000.00 |
| Less:  Bank Transfers/CD's | 0.00 | 8,950.00 |
| Subtotal | 9,000.00 | 50.00 |
| Less:  Payments to Debtors | | 0.00 |
| Net | 9,000.00 | 50.00 |

0.00

Page Subtotals          9,000.00          9,000.00

LFORM24

Ver: 17.01

FORM 2                                                                                                                Page:   2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**                                                                    Exhibit B

| Case No: | 12-26695  -TAB | | Trustee Name: | NORMAN NEWMAN |
| Case Name: | DEVAUX, DAVID J. | | Bank Name: | ASSOCIATED BANK |
| | MAKARENKO-DEVAUX, NATALYA | | Account Number / CD #: | *******4269  Checking Account |
| Taxpayer ID No: | *******0409 | | | |
| For Period Ending: | 09/17/13 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/09/13 | | Transfer from Acct #*******1566 | Bank Funds Transfer | 9999-000 | 8,950.00 | | 8,950.00 |
| 02/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 10.00 | 8,940.00 |
| 02/15/13 | 001001 | International Sureties, Ltd. | Bond #016026455 | 2300-000 | | 6.36 | 8,933.64 |
| 03/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.00 | 8,921.64 |
| 04/05/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 13.26 | 8,908.38 |
| 05/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.82 | 8,895.56 |
| 06/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 13.23 | 8,882.33 |
| 07/08/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.78 | 8,869.55 |
| * 08/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-003 | | 13.19 | 8,856.36 |
| * 09/17/13 | | Reverses Adjustment OUT on 08/07/13 | BANK SERVICE FEE | 2600-003 | | -13.19 | 8,869.55 |

| | | | COLUMN TOTALS | 8,950.00 | 80.45 | 8,869.55 |
|---|---|---|---|---|---|---|
| | | Less:  Bank Transfers/CD's | 8,950.00 | 0.00 | |
| | | Subtotal | 0.00 | 80.45 | |
| | | Less:  Payments to Debtors | | 0.00 | |
| | | Net | 0.00 | 80.45 | |

| | | | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|---|---|
| | TOTAL - ALL ACCOUNTS | | | | |
| | Checking Account - *******1566 | 9,000.00 | 50.00 | 0.00 |
| | Checking Account - ********4269 | 0.00 | 80.45 | 8,869.55 |
| | | ------------------------ | ------------------------ | ------------------------ |
| | | 9,000.00 | 130.45 | 8,869.55 |
| | | ============= | ============= | ============= |
| | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals                                                                    8,950.00           80.45

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-26695
Case Name: DEVAUX, DAVID J.
         MAKARENKO-DEVAUX, NATALYA
Trustee Name: NORMAN NEWMAN

Balance on hand                                    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: NORMAN NEWMAN | $ | $ | $ |
| Attorney for Trustee Fees: Much Shelist, P.C. | $ | $ | $ |
| Attorney for Trustee Expenses: Much Shelist, P.C. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance                                         $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |
| 000002 | FIA CARD SERVICES, N.A. | $ | $ | $ |
| 000003 | American Express Bank, FSB | $ | $ | $ |
| 000004 | American Express Bank, FSB | $ | $ | $ |
| 000005 | American Express Centurion Bank | $ | $ | $ |
| 000006 | American Express Centurion Bank | $ | $ | $ |
| 000007 | eCAST Settlement Corporation, assignee | $ | $ | $ |
| 000008 | eCAST Settlement Corporation, assignee | $ | $ | $ |
| 000009 | Portfolio Recovery Associates, LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE